UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 14-CR-10200-WGY |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES J. KERASIOTES | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

**GOVERNMENT'S MEMORANDUM**
**REGARDING SENTENCING HEARING**

The government respectfully submits this memorandum in advance of the November 21, 2014 evidentiary hearing to identify for the Court the narrow issue in dispute and to notify the Court and the defendant that it objects to the Court's requirement that the government prove the tax loss under the United States Sentencing Guidelines (the "Guidelines") beyond a reasonable doubt.

**A. The Only Issue In Dispute Is Whether The Defendant Is Entitled To Credit For Alleged Additional Business Expenses Which He Did Not Include On His Sworn Tax Returns.**

The defendant admitted that he failed to report $105,750 in gross receipts to his consulting business to the IRS for the tax year 2010, and that he failed to report $20,000 in gross receipts to his consulting business to the IRS for the tax year 2011. Using the expense figures the defendant himself reported to the IRS for the tax years 2010 and 2011 -- $4,918 and $4,871, respectively – the IRS calculated that the taxes owed by the defendant for the tax years 2010 and

2011 total $31,448.[1]

Having pled guilty to filing false tax returns, the defendant now claims that his business expenses were actually in excess of the amounts he claimed on his false 2010 and 2011 returns, and consequently his tax loss is less $30,000. The amount in dispute is significant in that a tax loss of more than $30,000 provides for a Base Offense Level 14 under the Guidelines, while a tax loss of less than $30,000 provides for a Base Offense Level 12 under the Guidelines. USSG §§ 2T1.1(a)(1), 2T4.1(D), 2T4.1(E). With a decrease for acceptance of responsibility, the defendant's Total Offense Level under the government's calculation is 12 (10-16 months, Zone C) and the defendant's Total Offense Level under the defendant's calculation is 10 (6-12 months, Zone B). USSG § 3E1.1(a).

The defendant underreported his income for 2010 and 2011 by $125,750, thereby avoiding the payment of taxes due and owing on that income. Based on his witness and exhibit lists, it appears the defendant intends to use the November 21 hearing to essentially create tax returns he wished he had filed for 2010 and 2011 – tax returns that accurately report his income and also include alleged deductions for a home office, mileage and entertainment expenses. Because the defendant failed to report those expenses when he certified his returns and because the defendant admittedly has no contemporaneous records to substantiate those expenses, the government maintains that its tax loss calculation – which gives the defendant credit for the expenses he actually reported for 2010 and 2011, even though he cannot substantiate those expenses – is the appropriate measure of loss.

---

[1] Because the defendant cannot provide any contemporaneous records which corroborate the expense figures he used on his 2010 and 2011 tax returns, this calculation is conservative; the IRS has calculated that the defendant's taxes due and owing for 2010 and 2011, disallowing his claimed expenses, would be $34,836.

**B. The Government Need Only Prove The Tax Loss By A Preponderance Of The Evidence.**

The government understands that the Court has adopted a procedure whereby it requires the government to prove to a jury beyond a reasonable doubt any disputed Guidelines enhancement.  *See, for example United States v. Kandirakis*, 441 F. Supp. 2d 282 (D. Mass. 2006).[2]  While the government will proceed with the hearing on November 21, 2014 and demonstrate beyond a reasonable double that the tax loss in this case is over $30,000, it hereby provides notice to the Court and the defendant that it objects to the procedure and maintains that government need only prove the tax loss under the Guidelines by a preponderance of the evidence.

At sentencing, the Guidelines sentencing range (the "GSR") is the starting point of a district court's sentencing analysis.  *Gall v. United States*, 552 U.S. 38, 49-50 (2007) ("a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range"; after calculating the GSR, the court should consider the sentencing factors set forth in 18 U.S.C. §3553(a)).  *See also, for example, United States v. Millán-Isaac*, 749 F.3d 57, 66 (1st Cir. 2014) ("Although the Sentencing Guidelines are now advisory rather than mandatory, district courts are still required to begin all sentencing proceedings by correctly calculating the applicable Guidelines range.") (*internal quotation marks and citation omitted*).

---

[2] In *Kandirakis*, the Court announced a procedure requiring the government to prove to a jury beyond a reasonable doubt any disputed Guidelines enhancement that it seeks to include in its calculation of the Guidelines.  441 F. Supp. 2d at 322. Then, according to the protocol, the Court considers the jury's verdict along with the PSR and any other data presented by the parties to make its own, independent finding on the presence or absence of such enhancements.  441 F. Supp. 2d at 322-323.  At the September 11, 2014 plea hearing in this case, the defendant waived any right he may have had to a jury finding on loss and elected to have the Court make the loss determination.

All that is required to assess the GSR and impose a sentence within the applicable statutory minimum and maximum[3] are facts found by the district court by a preponderance of the evidence.  *See, e.g., United States v. George,* 761 F.3d 42, 60 (1st Cir. 2014) ("Our caselaw clearly holds that the preponderance standard applies" to Guidelines issues, not the beyond-a-reasonable-doubt or clear-and-convincing standard.).

An approach that would limit a district court's Guidelines calculations to those based on evidence found beyond a reasonable doubt does not comport with the remedial opinion in *United States v. Booker*, 543 U.S. 220 (2005).  *Booker* might have resolved the constitutional infirmity of the mandatory Guidelines using an approach similar to the *Kandirakis* protocol, in which application of Guidelines enhancements require jury fact-finding beyond a reasonable doubt.  But the Supreme Court's chosen approach of making the Guidelines advisory permits judicial fact-finding at sentencing, provided that the Guidelines are advisory.  The Guidelines themselves call for resolution of disputed issues by "the court," and the commentary provides for "use of a preponderance of the evidence standard."  USSG § 6A1.3(a), (b) (policy statement) & comment.  Indeed, the First Circuit has "held with monotonous regularity that as long as a defendant's sentence comes within the maximum established by the jury's verdict, a sentencing court's preponderance-of-the-evidence fact finding, even though it may pave the way for a stiffer sentence within that maximum, does not violate the *Apprendi* principle."  *United States v. Platte*, 577 F.3d 387, 392 (1st Cir. 2009).  *See also United States v. Sanchez-Badillo*, 540 F.3d 24, 34 (1st Cir. 2008) ("we reject [the defendant's] claim that the drug quantity calculation must be

---

[3] *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"), and *United States v. Alleyne*, 133 S.Ct. 2151, 2163 (2013) (extending *Apprendi* to facts that trigger a statutory mandatory minimum).

proven beyond a reasonable doubt, pursuant to *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), so long as the resulting sentence does not exceed the statutory maximum based on the facts found by the jury"); *United States v. Anderson,* 452 F.3d 87, 92 n.3 (1st Cir. 2006) (rejecting defendant's claim that a firearm enhancement could not be applied in absence of evidence established beyond a reasonable doubt: "*Booker* does not…change the applicable burden from preponderance of the evidence to proof beyond a reasonable doubt. *See Yeje-Cabrera*, 430 F.3d at 17 ('[T]he *Booker* error is not that a judge (by a preponderance of the evidence) determined facts under the Guidelines which increased a sentence beyond that authorized by the jury verdict or an admission by the defendant; the error is only that the judge did so in a mandatory Guidelines system.' (internal quotation marks omitted)").

For these reasons, the government respectfully objects to the Court's requirement that the government prove the tax loss under the Guidelines beyond a reasonable doubt.

        Respectfully submitted,

        CARMEN M. ORTIZ
        United States Attorney

        By: */s/Kristina E. Barclay*
        KRISTINA E. BARCLAY
        Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I certify that this document was filed on the date listed below through the ECF system, which will provide electronic notice to counsel as identified on the Notice of Electronic Filing.

        */s/ Kristina E. Barclay*
        Kristina E. Barclay
        Assistant United States Attorney

Dated: November 18, 2014